THOUROT v. HOLUB et al.

(Supreme Court, Appellate Division, First Department. March 20, 1903.)

1. SALES—PATENT—ASSIGNMENT—CONTRACT—IMPLIED AGREEMENT TO EXECUTE ASSIGNMENT.

Where a contract for the sale of an interest in a patent contains no express provision for a formal assignment in writing, the law will imply an agreement to make it, if such an assignment be essential to pass title.

2. SAME—EXECUTORY CONTRACT—TIME OF PAYMENT.

A written agreement provided for the sale by plaintiff of his interest in a patent to defendants for $2,000, $975 to be paid in cash upon the signing of the agreement, or, in lieu thereof, certain looms to be manufactured under the patent; the balance to be payable on the same terms when the looms were put on the market ready for sale. Defendants decided to deliver the looms in lieu of the first cash payment, but refused to pay the balance. or deliver any more looms, until plaintiff executed to them a formal assignment of his interest in the patent. *Held*, that defendants were not entitled to such assignment until they made the last payment of the price, either in cash or by tender of delivery of the looms.

Appeal from Trial Term, New York County.

Action by Alphonse Thourot against Louis Holub and another. From a judgment for defendants, and from an order denying plaintiff's motion for a new trial, he appeals. Reversed, and new trial ordered.

The plaintiff was the owner of a one-third interest in letters patent of the United States No. 665,753, issued on the 8th day of January, 1901, for an attachment for silk looms, known as the "Jacquand Machines," and on the 17th day of July, 1901, he and the defendants entered into an agreement in writing under their hands and seals, by which the plaintiff agreed to sell to the defendants, and they agreed to buy, his said interest "for the sum of two thousand dollars in manner following; nine hundred and seventy-five dollars to be paid upon the signing of these articles of agreement, and in lieu of cash said Alphonse Thourot agrees to take 25 silk looms at the rate of $39 each, altogether $975, the balance of one thousand and twenty-five dollars to be paid by said Louis Holub and Paul Dusha and accepted by said Alphonse Thourot when said Jacquand machine is put on the market ready for sale, on the same conditions, to wit, in lieu of cash, said Alphonse Thourot agrees to take machinery silk looms or Jacquand machines." The defendants elected to manufacture and deliver to the plaintiff the 25 silk looms instead of the cash payment of $975. The patterns for the manufacture of these looms were delivered to the defendants, who manufactured the looms pursuant thereto. After the looms had been manufactured, the plaintiff, at the factory of the defendants, demanded delivery thereof to him, which the defendants refused unless the plaintiff would first execute and deliver to them a formal assignment of his said interest in the patent sufficient to pass title thereto under the statute of the United States. The plaintiff declined to deliver such assignment until he was fully paid the $2,000, or the equivalent therefor, provided in the contract. The plaintiff testified that at the time of the execution of the agreement he exhibited an assignment of his interest in the patent to the defendants, duly executed under his hand and seal and witnessed, and informed them, in substance, that it would be delivered to them when he was fully paid. This the defendants deny. They had an assignment, somewhat different in form, but in effect substantially the same, prepared by their attorneys, which they presented to him for execution at the time he demanded the first 25 looms. This he refused to execute until the purchase price was fully paid. Both parties were permitted without objection or exception to testify as to what

was said at the time of the execution of the agreement concerning the delivery of an assignment, the plaintiff claiming that the understanding was that the assignment was not to be delivered until he was fully paid, and the defendants claiming, in effect, that they were to receive the assignment at the time of making the first payment. No motion for a nonsuit was made, and neither party requested the direction of a verdict. Counsel did not sum up, and the court submitted the question to the jury as to whether the plaintiff had fully performed the contract on his part, and said to the jury, in substance, that the contention on the part of the plaintiff was that he tendered the assignment, and on the part of the defendants that he did not, but left it to the jury to act upon their own recollection of evidence. No exception was taken to the charge, or to any refusal to further instruct the jury. The verdict was for the defendants, and the plaintiff moved for a new trial on the ground that it was against the evidence and the weight of the evidence, and contrary to law.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, O'BRIEN, INGRAHAM, and LAUGHLIN, JJ.

John B. Quintin, for appellant.

Paul Jones, for respondents.

LAUGHLIN, J. There is no theory upon which this verdict can be permitted to stand. The contract contains no express provision for a formal assignment in writing of the plaintiff's interest in the patent, but, such an assignment being essential to pass title, the law will imply an agreement to make it. The plaintiff, however, was under no obligation to part with his title until the defendants fully paid the purchase price of his interest in the patent. Undoubtedly, under section 4898 of the Revised Statutes of the United States [U. S. Comp. St. 1901, p. 3387], if the plaintiff should assign his interest in the patent to an innocent purchaser for a valuable consideration, good title would pass as against the defendants. There is, however, nothing to indicate that the plaintiff intends to perpetrate a fraud on the defendants by thus parting with the legal title to a third party. If there were, that might be ground for injunctive relief, but it has no bearing on the issues presented here. If the defendants apprehended any such action on the part of the plaintiff, they should have protected themselves on or before executing the agreement. They need not have executed the agreement if they could not have been protected otherwise, unless the plaintiff consented to transfer title at once. This, however, is not the fair construction of the agreement as made. If, as contended by the defendants, a formal assignment was to be delivered on their making the first payment, which, at their election, might have been in cash, there would have been no necessity of incorporating the election clause with reference to the first payment; for, if they were to pay cash, the only agreement necessary was an agreement on their part to pay the balance, and such agreement with reference to security therefor as the parties saw fit to make; and, if it was then understood that they were not to pay cash, the first provision with reference to a cash payment would have been omitted, and it would have been provided that upon the delivery of the first 25 looms the plaintiff was to deliver a formal assignment. We think the agreement is not ambiguous, and that it was not subject to explanation by parol evidence. At the time of making the last pay-

ment of the purchase price by the defendants, either in cash or by the tender of the delivery of the looms, they will be entitled to the delivery of a formal assignment in writing of the plaintiff's interest in the patent; but not until then.

It follows, therefore, that the judgment and order should be reversed, and a new trial granted, with costs to appellant to abide the event. All concur.